## FRANÇOIS GERBER *v.* LOUIS MARZONI.

The jurisdiction of the Supreme Court is to be determined by the value of what is claimed in the petition, not by the amount allowed by the judgment.

Action for $90 paid to defendant, in error, as owner of a butcher's stall, and for $2000 damages for forcibly turning plaintiff out and retaining the possession of the stall. Plaintiff having obtained a rule on defendant to show cause why he should not be put in possession, it was made absolute, and defendant appealed. *Held,* that the court erred in ordering a part of the case to be tried on a rule, and leaving the remainder untried. A cause should not be tried on any other day than the one fixed by the court, when called in its turn. C. P. 463.

APPEAL from the District Court of the First District, *Buchanan,* J.

*Grivot* and *Castera,* for the plaintiff.

*Preaux,* for the appellant.

Gerber v. Marzoni

MARTIN, J. The plaintiff claims the sum of ninety dollars, erroneously paid to the defendant for the hire of a butcher's stall in the market of New Orleans, of which the latter pretended to be the owner; and the further sum of two thousand dollars, for damages alleged to have been sustained by him in consequence of having been violently driven from the stall, and forcibly kept out of it by the defendant. The plaintiff concludes with a prayer, that he be restored to the possession of the stall. Before any answer was filed, the plaintiff obtained a rule on the defendant to show cause why he should not deliver to the plaintiff, and put him in possession of the stall. The defendant afterwards filed his answer, averring that, by a contract between them, he ceded to the plaintiff the use and possession of a stall which he occupied, and that the plaintiff promised to pay him therefor the sum of twenty dollars, monthly, &c. The rule was made absolute, the court being of opinion that the contract, stated in the answer, was illegal and contrary to public policy. The defendant has appealed. The plaintiff prays for the dismissal of the appeal, on the ground of want of jurisdiction in this court; nothing in the record, showing that the matter in dispute in the rule, to wit, the use and possession of the stall, was worth more than three hundred dollars; and also on the ground, that the rule decides the principal matter in controversy, to wit, the plaintiff's right to the use and possession of the stall. Our jurisdiction is to be tested by the value of what is claimed in the petition, and not by what is allowed by the judgment. The value of what is claimed in the present case exceeds, by a great deal, the sum of three hundred dollars. Whatever may be the amount of a judgment given, either party has a right to an appeal. That of the defendant, therefore, cannot be dismissed. On the merits it appears to us improper to try a case by partial rules to show cause. The Code of Practice, art. 463, requires, " that the clerk shall set down the cause on the docket of the court, in order that it be called in its turn, and a day fixed for its trial." The trial is not, therefore, to take place on any other day than the one, fixed by the court *when it is called in its turn;* and there ought to be but one trial. The court, in our opinion, erred in ordering the trial of part of this case on a rule to show cause, before

it was called in its turn, and leaving the remainder of the case un-
tried.

It is, therefore, ordered, that the judgment be reversed, the
rule discharged, and the case remanded for further proceedings,
according to law and the opinion above expressed ; the plaintiff
and appellee paying the costs of the appeal.